UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                  Cr. No. 08-20272

Anthony Strong,                       Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT STRONG'S MOTION TO SUPPRESS

Defendant, Anthony Quantize Strong ("Defendant") is charged with two counts of distributing cocaine, including possession with intent to distribute fifty or more grams of "crack" cocaine, with the charged offenses taking place on September 5, 2007. The matter is currently before the Court on Defendant's Motion to Suppress evidence obtained through a warrantless search of Defendant's vehicle on September 5, 2007. The parties have briefed the issues and the Court held an evidentiary hearing on May 29, 2009. For the reasons below, Defendant's motion shall be DENIED.

### BACKGROUND

On September 5, 2007 Trooper Szukhent stopped Defendant's vehicle for speeding, changing lanes without signaling and failing to ensure that the child in the backseat was wearing a seatbelt. After issuing warnings for the civil infractions, Trooper Szukhent conducted a search of Defendant's vehicle and found cocaine in the center console of the vehicle. The parties have differing versions of the facts pertaining to this search.

Defendant contends that Trooper Szukhent, while on patrol, was requested by the Flint Area Narcotics Group ("FANG") to stop Defendant's vehicle (Def.'s Mot. to Suppress at 1). Trooper Szukhent pulled Defendant over and asked him to step outside of his vehicle, where he was issued a warning for the traffic violations. Trooper Szukhent then asked to search Defendant's vehicle and here is where the parties differ regarding the facts. Defendant asserts that he did *not* provide consent to search the vehicle but that Trooper Szukhent unlawfully conducted a warrantless search. The Government argues that Defendant did in fact give consent for Trooper Szukhent to search the vehicle, quoting that when asked Defendant responded "you can search, I have nothing else." (Gov't. Mot. at 3). During the course of this search, Trooper Szukhent found a large amount of cocaine in the center console and arrested Defendant. (Def. Mot. at 2).

The Court held an evidentiary hearing on this motion on May 29, 2009. At that time the Government presented two witnesses, Trooper Troy Szukhent and Trooper Stacey Moore, who were then cross examined by Defense Counsel. Defense Counsel then presented one witness, Defendant Anthony Strong, who was then cross examined by the Prosecution. Both Defense Counsel and Prosecution gave closing remarks and the hearing concluded.

For purposes of this motion, the Court makes the following factual findings from the testimony given at the evidentiary hearing.

FINDINGS OF FACT

Trooper Troy Szukhent ("Trooper Szukhent") is a police officer with the Michigan State Police Department. He has been employed by the Michigan State Police for approximately nineteen years. He works currently, and has since 1999, in the canine unit of the Michigan State Police Department.

On September 5, 2007 Trooper Szukhent was on patrol in uniform and in a marked vehicle when he received a call to assist FANG in their undercover investigation. Trooper Szukhent often works with FANG because he is part of the canine unit. Trooper Szukhent was not working with a partner on September 5, 2007. FANG requested that Trooper Szukhent locate Defendant's vehicle and make an I.D. of the driver. FANG informed Trooper Szukhent that the vehicle in question was a 2008 silver Dodge Avenger.

Trooper Szukhent located the vehicle traveling north bound on Ballinger road, verified it was the vehicle in question and began pacing it. As he was pacing the vehicle Defendant committed three different civil infractions, including: 1) speeding at 45 mph in a 35 mph zone, 2) changing lanes without signaling and 3) changing two lanes at a time in one swift motion. After observing these infractions, Trooper Szukhent proceeded to conduct a traffic stop. Trooper Szukhent stopped Defendant after he turned onto Seneca Street and when Defendant pulled the vehicle over Trooper Szukhent noticed that there was a young child unrestrained in the backseat.

Trooper Szukhent approached Defendant's vehicle at the driver's side window and asked for Defendant's driver's license and for the vehicle paperwork, including registration and proof of insurance. Defendant appeared unusually nervous and first handed Trooper Szukhent an expired proof of insurance. After further searching he was able to find valid proof of insurance, which was located on his lap throughout his efforts to locate it. During his search for valid paperwork Defendant appeared to be avoiding the center console and when he did open it, he very quickly shut it. Trooper Szukhent went back to his patrol car to verify Defendant's driver's license and car insurance. At this time Trooper Szukhent learned that the car was registered to a third party, Defendant's aunt. Trooper Szukhent advised FANG that Defendant was the driver of the silver Dodge Avenger.

Trooper Szukhent returned to the vehicle and asked Defendant to step outside. Defendant and Trooper Szukhent walked to the trunk area of Defendant's vehicle and in front of the patrol car where Defendant was issued verbal warnings for the civil infractions. The patrol vehicle that Trooper Szukhent was driving on September 5, 2007 was not equipped with a video camera and Trooper Szukhent was not equipped with an audio recording device on his person. Trooper Szukhent returned Defendant's drivers license and paperwork. At this time, Trooper Szukhent asked Defendant who the car belonged to and Defendant replied that it was his aunt's car. Trooper Szukhent then asked what in the vehicle belonged to Defendant. Defendant responded that he only had his child and his child's book bag in the car. Defendant was then asked if there was anything illegal in the vehicle, such as weapons, alcohol or narcotics and Defendant responded in the negative. Trooper Szukhent then asked Defendant if he could search the vehicle. Defendant answered, "yes you can, I have nothing else." If Defendant had said no to the consent search, he would have been free to leave.

Trooper Szukhent did not have Defendant sign a consent form acknowledging consent to search the vehicle. Trooper Szukhent testified that it is not his normal practice to use such forms and he has only used a consent form approximately five times in the nineteen years he has been employed as a Michigan State Police Officer.

Defendant was not handcuffed as Trooper Szukhent searched the vehicle. Trooper Szukhent searched the vehicle and found a white plastic bag containing crack cocaine in the center console. Trooper Szukhent then arrested Defendant and placed him in handcuffs.

## ANALYSIS

In his Motion to Suppress, Defendant contends that he did not give consent for Trooper Szukhent to search his vehicle. The Government bears the burden to prove that consent was

given freely and voluntarily. *Florida v. Royer*, 460 U.S. 491, 497 (1983). The Government must show by a preponderance of the evidence through clear and convincing testimony that valid consent was obtained. *United States v. Worley*, 193 F.3d 380, 385 (1999). Although there is no exact formula or equation in determining if consent was obtained, the Court looks to the totality of the circumstances in establishing that consent was "unequivocally, specifically, and intelligently given." *Id.* at 384, 386-87; *see also United States v. Simmons*, 202 Fed.Appx. 82 (6th Cir. 2006).

After presentation of the testimony given at the May 29, 2009 hearing, this Court finds Trooper Szukhent to be a highly credible witness. It further finds that his account of the events on the date in question is credible. The Court finds that Trooper Szukhent conducted a traffic stop and at the conclusion of the stop asked Defendant if he could search the vehicle. Defendant responded, "yes you can, I have nothing else." Trooper Szukhent then searched the vehicle and found narcotics. Defendant could have refused by simply stating no and Defendant was free to leave as the traffic stop had concluded and Trooper Szukhent had returned Defendant's drivers license and paperwork. Defendant voluntarily, knowingly and intelligently provided Trooper Szukhent with consent to search the vehicle.

The Court finds that the Government has met its burden of establishing that the Defendant gave consent to search the vehicle and that the consent was voluntary under the totality of the circumstances. As a result, the evidence seized by Trooper Szukhent will not be suppressed.[1]

---

[1] The Government also briefed a second argument for the Court. If the Court were to find consent lacking, the Government argues in the alternative that there was probable cause to search Defendant's vehicle. This Court need not address this issue as it finds that Defendant did give Trooper Szukhent consent to search the vehicle.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant Strong's Motion to Suppress is DENIED.

IT IS SO ORDERED.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  June 11, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2009, by electronic and/or ordinary mail.

                                          S/Jennifer Hernandez
                                          Case Manager